**Renato OBANDO, Petitioner–Appellant,**

v.

**Theo WHITE, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 00–55879.

D.C. No. CV–94–06161–HLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 4, 2001.

Before SCHROEDER, Chief Judge, TROTT and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Renato Obando ("Obando") appeals the district court's dismissal of his fourth amended habeas corpus petition as an abuse of the writ. We review for an abuse of discretion a district court's decision not to consider the merits of a petition for a writ of habeas corpus because it is abusive or successive. *See Turner v. Duncan*, 158

F.3d 449, 455 (9th Cir.1998). Finding no abuse of discretion by the district court in dismissing Obando's fourth amended petition, we affirm.

Obando argues that the government failed properly to plead an abuse of the writ defense. We disagree. The government pleaded abuse of the writ on numerous occasions, and both parties extensively briefed and argued it before the district court. *See McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

In addition, Obando argues that the government waived the abuse of the writ defense by failing to raise it during the pendency of his third habeas corpus petition. By stipulation of the parties, however, the district court dismissed the third habeas corpus petition without prejudice. Upon dismissal, the actions of that petition ceased to exist. When Obando subsequently filed his fourth amended habeas corpus petition, it constituted a new action, and the government was free to assert the abuse of the writ defense. *See Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The record demonstrates that, in his first petition for a writ of habeas corpus in 1988, Obando did not file the claims he now asserts, and he has no legal excuse for having failed to do so. In that respect, the government's assertion of the abuse of the writ defense is proper and well-taken.

AFFIRMED.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.